JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James F. Mason, Jr., individually and on behalf of K&J, INC.

### DEFENDANTS
Transocean, LTD., BP, PLC., Transocean, LTD, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater,

(b) County of Residence of First Listed Plaintiff: **Mobile County, AL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Houston County, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sidney Jackson, III P.O. Box 2225, Mobile, AL 36652; T.: 251-433-6699

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☒ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Class action regarding oil spill in the Gulf of Mexico

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4-28-10

SIGNATURE OF ATTORNEY OF RECORD: *Sid Jackson*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES F. MASON, JR.,** individually and on behalf of **K & J, Inc**.,<br><br>       Plaintiff,<br><br>v.<br><br>**TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), TRANSOCEAN DEEPWATER, INC, (TRANSOCEAN ENTITY), BP PRODUCTS NORTH AMERICA, INC., HALLIBURTONENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION, and BP AMERICA**<br><br>       Defendant | Cv- 10- |

# CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, James F. Mason, Jr., (hereinafter sometimes referred to as "Plaintiff"), individually, and on behalf of all others similarly situated who is a person of the full age of majority and resides in Mobile County, Alabama. James F. Mason, Jr. is a shrimper and the owner of K & J, Inc. which operates an 82 foot shrimp boat. Plaintiff shows unto this honorable Court as follows:

   1. Defendants herein are:

       (A) TRANSOCEAN, LTD, hereinafter referred to as "Transocean", a foreign corporation doing business in the State of Alabama;

       (B) BP, PLC, hereinafter referred to as "BP", a foreign corporation doing business in the State of Alabama;

(C) TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

(D) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

(E) TRANSOCEAN DEEPWATER, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Alabama;

(F) BP PRODUCTS NORTH AMERICA, INC. hereinafter referred to as "BP Products", a foreign corporation doing business in the State of Alabama;

(G) HALLIBURTONENERGY SERVICES, INC. hereinafter referred to as "Halliburton", a foreign corporation doing business in the State of Alabama;

(H) CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION (CAMERON), a foreign corporation that manufactured, supplied and/or maintained defective and/or inoperable Blow Out Preventors (BOP) doing business in the State of Alabama;

(I) BP AMERICA, a foreign corporation and owner/operator of well lease doing business in the State of Alabama.

2. This court has jurisdiction over this class action pursuant to (1) 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action brought by the citizens of a state that is different from the state where at

least one of the Defendants are incorporated or do business; (2) 28 U.S.C. § 1331, because the claims asserted here in arise under the laws of the United States of America.

3. Plaintiff, James F. Mason, Jr., is a shrimper in the Gulf of Mexico and seeks to represent all commercial fishermen residing in the State of Alabama who work in the Gulf of Mexico.

4. TRANSOCEAN ENTITIES, employed workers aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS and/or BP AMERICA at all material times herein. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was the cause of the explosion. Defendant CAMERON manufactured, supplied, installed and/or maintained defective BOP's that failed to operate and control the oil leak.

5. On or about April 20, 2010, at approximately 10 p.m., on the DEEPWATER HORIZON, which is located 50 miles southeast of Venice, Louisiana, without warning, an explosion occurred on the vessel, causing its crewmembers to be thrown overboard and killing several crewmembers aboard the vessel. Oil gushed into the Gulf of Mexico from a depth of 5,000 feet.

6. As of April 28, 2010, the oil slick resulting from the explosion has a circumference of 600 miles and can be seen from space. It is currently within 21 miles of land and is preventing normal shrimping and fishing operations. It is destroying the fishery and harming the environment.

7. The accident was caused by no fault of the Plaintiff and was caused solely by the negligence of Defendants as more fully set forth herein. Since the time of the accident a remotely operated vehicle continues to carry out "multiple attempts" to activate the subsea blowout preventer to stop the well from leaking an estimated one thousand barrels of crude per day into the Gulf. To date the "hot stab" to shut off the well by use of the subsea blowout preventer has been unsuccessful.

8. Plaintiff further maintains that Defendants were negligent or wanton in responding to the disaster, particularly with respect to downplaying the nature, size and extent of the leak and failing to employ adequate responders and/or equipment in the field to control the oil slick.

9. As a result of the above described incidents, Plaintiff, James F. Mason, Jr., has been prevented from shrimping in the Gulf anywhere near the explosion site and oil spill and he and other shrimpers, fishermen, oystermen and other commercial fishermen will lose income because of the oil spill.

10. At all times material hereto, the vessel which exploded, was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by Defendant, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS.

11. This incident occurred as a result of the negligence of Defendants, TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS. These acts of negligence render the defendants liable to Plaintiff pursuant to the provisions of general maritime law for negligence.

12. The accident was caused by Defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard including the requirement to test the subsea blowout preventer every two weeks.

13. Defendant BP, BP PRODUCTS and BP AMERICA knew of the dangers of deep water drilling and failed to take appropriate measures to protect workers and the environment.

14. Plaintiff, James F. Mason, individually, and on behalf of all others similarly situated, demands that Defendants provide the cost of cleanup of the 1000+ barrels of crude oil lost daily since the incident and to pay for the consequential damages suffered by the Class Members.

## CLASS ACTION ALLEGATIONS

a. **Numerosity of the class**

15. The proposed class is so numerous that joinder is impractical. There are hundreds of commercial fishermen directly affected by the spill. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the court.

b. **Predominance of common Questions of Fact and Law**

16. There is a well-defined community of interest in that the questions of law and fact common to the class predominate over questions affecting only individual Class members and include, but are not limited to, the following:

      A. Whether Defendants caused and/or contributed to the explosion and oil spill;

      B. Whether Defendants' actions were negligent;

      C. Whether or not the explosion and oil spill have caused environmental or other damage; and,

      D. The amount of damages Plaintiff and the Class members should receive as compensation.

c. **Typicality**

17. Plaintiff and Class Members have suffered similar harm as a result of Defendants' actions.

d. **Adequacy of Representation**

18. Plaintiff will fairly and adequately represent and protect the interest of the members of the class because his interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff has no claim antagonistic to those of the class. Plaintiff has retained counsel competent and experienced in complex class actions and maritime litigation.

e. **Superiority**

19. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or

contradictory judgments and the prospect of a race for the courthouse and an equitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

20. The various claims asserted in the action are certifiable under the provisions of Rule 23 (b)(1) and/or 23(b)(2) of the federal Rules of Civil Procedure because:

> a. The prosecution on separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class member, loss of establishing incompatible standards of conduct for Defendants;

> b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and,

> c. Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

21. The above-described incidents were caused solely by the negligence of Defendants, TRANSOCEAN ENTITES and/or BP and/or BP PRODUCTS and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

    a. Failing to properly operate the Deepwater Horizon;

    b. Failing to properly supervise employees upon the Deepwater Horizon;

    c. Failing to properly train and/or supervise employees upon the Deepwater Horizon;

    d. Failing to properly inspect to assure that the Deepwater Horizon equipment and personnel were fit and utilized for their intended purpose;

    e. Failing to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

    f. Failing to exercise due care and caution in the operation of the Deepwater Horizon;

    g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon day wore operating and constructing at the time of the explosion;

    h. Inadequate and negligent training and hiring in the construction and maintenance and operation of the Deepwater Horizon;

    i. Failing to ascertain that the Deepwater Horizon was free from defects and/or in proper working order;

    j. Failure to timely bring the release under control;

    k. Failure to react to danger signs; and, such other acts of negligence and omissions as will be shown at the trial of this matter;

    l. Other acts of negligence which will be shown more fully at trial.

  22. In the further alternative, Plaintiff, reiterating and realleging each and every allegation set forth above, as though set forth herein in extensor, avers the applicability of the doctrine of *res ipsa loquitur*.

  23. In addition, and alternatively, any explosion and resulting oil released was caused by defective equipment which was manufactured or in the care, custody, and control of Defendants and over which the Defendants had control. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

  24. The damages to Plaintiff and the Class Members were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger to the surrounding community and/or to timely and adequately warn of the release of oil.

  25. In addition to the negligent actions described above, and in the alternative thereto the injuries and damages suffered by Plaintiff and the Class Members were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs and the Class Members, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence of Defendants. Furthermore, the explosion and the resultant oil released would not have occurred had the

Defendants exercise the high degree of care and post on them and Plaintiffs, therefore, plead the doctrine of the *res ipsa loquitor*.

26. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiff and the Class Members adequate compensation therefore in amounts determined by the trier of fact.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, James F. Mason, Jr., individually, and on behalf of all others similarly situated, pray that the Defendants, jointly, severally, and *in solido*, as follows:

    a. An ordered certifying the class for the purpose of the going forward with any one or all of the causes of action alleged herein; appointing Plaintiff as the class representative; and appointing undersigned counsel as counsel for the class;

    b. Economic and compensatory damages in the amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes the Court's jurisdiction to hear this case.

    c. Punitive damages;

    d. Pre-judgment and pot-judgment interest at the maximum rate allowable by law;

    e. Attorney's fees and costs of litigation;

    f. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

   g. A trial by jury as to all Defendants.

            Respectfully submitted,
            */s/SIDNEY W. JACKSON, III*
            SIDNEY W. JACKSON, III
            MATHEW B. RICHARDSON
            JACKSON, FOSTER & RICHARDSON, LLC
            P.O. Box 2225
            Mobile, AL  36652
            T.: 251-433-6699
            F.: 251-433-6127
            sid@jacksonfosterlaw.com
            mat@jacksonfosterlaw.com

**Plaintiff respectfully requests trial by jury.**

**Defendants may be served via certified mail as follows:**

| **BP America** | **BP Products North America, Inc.** |
|---|---|
| **BP, PLC** | CSC-Lawyers Incorporating Service |
| C T Corporation System | 150 S. Perry St. |
| 2 North Jackson St. | Montgomery, AL 36104 |
| Suite 605 | |
| Montgomery, AL 36104 | |

| **Cameron International Corporation** | **Halliburton Energy Services, Inc.** |
|---|---|
| C T Corporation System | C T Corporation System |
| 2 N. Jackson St. | 2 North Jackson St. |
| Suite 605 | Suite 605 |
| Montgomery, AL 36104 | Montgomery, AL 36104 |

**Transocean, LTD.**
**Transocean Offshore Deepwater Drilling, Inc.**
**Transocean Deepwater, Inc.**
C T Corporation System
2 North Jackson, St.
Suite 605
Montgomery, AL 36104